**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT LAUDERDALE DIVISION**

CASE NO.

JUAN CARLOS GIL,

     Plaintiff,

v.

BROWARD COUNTY PUBLIC SCHOOLS,

     Defendant,

---

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

---

COMES NOW, Plaintiff, Juan Carlos Gil ("Plaintiff), by and through his undersigned counsel, and hereby sues Defendant, Broward County Public Schools ("Defendant") for declaratory and injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12131 et. seq. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and alleges as follows:

**INTRODUCTION**

1.   "Il n'y a que deux puissances au monde, le sabre et l'esprit : à la longue, le sabre est toujours vaincu par l'esprit[1]", and one must be informed to understand their peril. Florida began its tradition of openness back in 1909 with the passage of Chapter 119 of the Florida Statutes[2]. This statute requires that any records made or received by any public agency in the course of its

---

[1] There are only two powers in the world, the sword and the spirit: in the long run, the sword is always defeated by the spirit. Napoleon Ier (1789-1821)
[2] Public Records Law

official business are available for inspection.

2.     This is an action under Title II of the Americans with Disabilities Act of 1990 and under Section 505 of the Rehabilitation Act of 1973 through which Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") is enforced to redress unlawful disability-based practices and to make Plaintiff Juan Carlos Gil whole.

3.     Broward County Public Schools is a public entity which has provided the website URL http://browardschools.com as an information portal ("Portal") for the general public (to anyone who accesses the Portal). The general public is able to access Broward County Public Schools educational online content, which constitutes programs, services, and activities. Much of that content is provided in portable document format ("PDF").

4.     In order to meaningfully access PDF documents (also referenced as electronic documents), blind and visually impaired individuals require that electronic documents be saved in an accessible format. Much of the content provided in electronic (PDF) format within Defendant's Website is not accessible by persons who are visually impaired and who utilize screen readers.

5.     Because Defendant's online electronic document content is not available for persons who are blind or low sighted, Defendant has denied Plaintiff, Juan Carlos Gil access to that electronic (PDF) content. As such, Defendant has denied access to Plaintiff based on Plaintiff's disability (being low sighted and/or blind). In so doing, Defendant has denied Plaintiff his fundamental right to observe and participate in the democratic process of self-government. A citizen's right to meaningful participation in the political process and to access publicly available information needed to participate in the process is a fundamental right requiring heightened scrutiny. *Johnny Reininger, Jr. v. State of Oklahoma*, Case No.: 5:16-cv-

012141 (November 9, 2017) and *Natl Association of the Deaf (NAD) v State of Florida* 18-cv-21232-UU [DE #28] (June 18, 2018).

6.   Plaintiff brings this action against the Defendant to enforce the requirement of Section 504 of the Rehabilitation Act that a public entity receiving federal financial assistance (which Defendant receives each year) must not deny persons with disabilities the benefits of its programs, services and activities.

7.   By failing to provide electronic documents in accessible format, Defendant has deprived blind and visually impaired individuals of the benefits of its online content, which benefit is afforded to sighted (non-disabled) individuals. As such, Defendant has increased the sense of isolation and stigma that the ADA and Section 504 were meant to redress for individuals with disabilities.

8.   Defendant's denial of much of its publicly available online content to blind and visually impaired individuals violates Section 504 of the Rehabilitation Act and Title II of the ADA.

9.   Accordingly, Plaintiff seeks injunctive and declaratory relief to ensure that blind and visually impaired individuals have equal, effective and timely access to Defendant's publicly available online content (consisting of electronic documents).

## JURISDICTION AND VENUE

10.   Plaintiff is expressly authorized to bring this action pursuant to Title II of the Americans With Disabilities Act, 42 U.S.C. §§ 12131-12133 ("ADA"), incorporating by reference the remedies, procedures and rights under Sections 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, 794(a) ("Section 504"), incorporating the remedies, rights and procedures set forth in §717 of the Civil Rights Act of 1964, including the application of   §§

706(f) through 706(k), 42 U.S.C. § 2000e-5(f)-(k).

11.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188. This Court's jurisdiction is proper under 28 U.S.C. Section 451, 1331, 1337, and 1343.

12.  Plaintiff has met all conditions precedent to bring this action.

## PARTIES

**Juan Carlos Gil**

13.  Plaintiff Juan Carlos Gil is a resident of the State of Florida, resides within the Southern Judicial District, is *sui juris*, is disabled and a qualified individual as defined by the ADA.

14.  Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA, and as set forth at 29 USC §705(20). Plaintiff suffers optic nerve damage and is legally blind. Plaintiff also suffers from cerebral palsy, is unable to walk, and is confined to a wheelchair. Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. § 36.105(b)(2) and 28 C.F.R. §§ 36.105(2)(iii)(B) and (D).

15.  Plaintiff is an athlete who travels for his athletic triathlon endeavors, and also is an advocate for the rights of blind and wheelchair bound disabled individuals.[3]

16.  In the past year, Plaintiff has traveled to Arizona, Orlando, and Boston to attend various conventions and meetings to advance the rights of the disabled. Such events include, but

---

[3] Juan Carlos Gil has traveled to speak on disabled rights, written letters, and mentored other disabled individuals as well as being the Plaintiff in the Landmark Historic federal trial over Web Accessibility (*Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020); See press release on case: www.prweb.com/releases/2017scottrdinin/06civilrights/prweb14437034.htm

are not limited to, the National Federation for the Blind convention in Orlando[4], the American Counsel for the Blind conferences[5] and various focus groups and meetings throughout the east coast (including New York and Boston).

17.  Plaintiff is an otherwise qualified individual with a disability in that Plaintiff is qualified to access Defendant's electronic documents.

18.  Due to his disability, the Plaintiff requires that document information be saved in an accessible format such as HTML or an accessible electronic (PDF) format so that he can comprehend (read) that document with screen reader software.

### Broward County Public Schools

19.  On October 2, 1899, the first two public schools in what would one day become Broward County, opened their doors. Since then, Broward County Public Schools has become the sixth largest school district in the nation and is the second largest in Florida. The Broward County Public School system serves approximately 271,500 students and more than 175,000 adult students in 234 schools, centers and technical colleges, and 93 charter schools.

20.  Defendant operates the Portal where interested persons are able to view the latest updates regarding the Broward County public educational system. Defendants Portal contains pertinent information that students and parents of students alike, are able to locate matters which are discussed, debated and voted upon by the School Board of Broward County, Florida.

21.  Since Defendant is a public entity and conducts its business as an agency and instrumentality of Broward County/State of Florida, it is subject to Title II of the ADA. 42 U.S.C. § 12131(1).

---

[4] July 2017, 2018

[5] In 2017 (Nevada) and in 2018 (Wisconsin)

22.   On information and belief, Defendant is also a recipient of federal funds and as such, is also subject to the requirements of Sections 504 of the Rehabilitation Act of 1973.

## GENERAL ALLEGATIONS

23.   Defendant offers a service through its online portal at www.browardschools.com ("portal") where interested persons can obtain relevant information regarding Broward County Public Schools. Plaintiff is as such an interested person.

24.   Defendant's portal provides pertinent information on attending and learning more about Broward County Public Schools, linking to documents in electronic format including (but not limited to): a guide to Defendants Aviation Magnet Program[6], 2016/17 Strategic Plan – Moving Forward On The Right Path progress report[7], 2018/19 Year Round School Calendar[8], and Handbook for School Volunteer Liaisons[9]. These types of documents are made available by Defendant to generally inform the public of the services provided by Defendant, therefore these type of electronic documents are referenced throughout as "(electronic) service documents."

25.   Defendant's   Website   also   contains   electronic   documents,   which   provide information on Broward County Public Schools, policies and positions which affect students, families of students and faculty directly. A sampling of those links to electronic "policy" documents (which are also referenced as "electronic documents") is provided below:

- The  Code  Book  for  Student  Conduct  handbook[10], which  provides  significant information on what is and is not appropriate in school, during school-sponsored activities and on school bus transportation;

---

[6] https://docs.google.com/viewerng/viewer?url=https://www.browardschools.com//cms/lib/FL01803656/Centricity/Domain/11365/Aviation-Ppt-10-14-16.pdf

[7] https://www.browardschools.com/cms/lib/FL01803656/Centricity/domain/12471/docs/2017_BCPS_Strat_Plan_L8_3-30-2018.pdf

[8] https://www.browardschools.com/cms/lib/FL01803656/Centricity/Domain/4/2018-19%20School%20Calendar_color_final.pdf

[9] https://www.browardschools.com/cms/lib/FL01803656/Centricity/Domain/12465/Handbook_for_Volunteer_Managers.pdf
[10] https://www.browardschools.com/cms/lib/FL01803656/Centricity/Domain/13726/FINAL%20SY%202018-19%20Code%20Book%20for%20Student%20Conduct.pdf

- 2017 Annual Status Report of the Second Amended Interlocal Agreement for Public School Facility Planning[11], which addresses the coordination of growth management issues and the provision and availability of public school facilities in Broward County;
- Accounting Procedures for Independent School-Related Fundraisers[12], which details student activities that are recognized in State Regulations and School Board Policy as serving to promote the education, general welfare, moral of students.

26.  Defendant's portal also has publications which are embedded in PDF (electronic) format. Those publications contain information on a variety of Broward County Public School matters. A few of the publications provided to the public by Defendant include (but are not limited to): SMART August, 2018 Newsletter[13], Guide to Private Colleges and Universities of Florida[14], and Service Learning Student Volunteer Program guidelines[15]. These publication documents are made available by Defendant to generally inform the public of the services or programs provided by Defendant, therefore these type of electronic documents are also referenced throughout as "(electronic) service documents."

27.  Defendant's online portal at https://webappe.browardschools.com/eagenda/ permits interested persons the ability to view the Broward County Public School Board meeting agenda history from the year 2001 to the present date.

28.  Defendants School Board meetings make up the bulk of Defendant's published agenda history. Defendants School Board meetings have a direct effect on the lives of students, families of students and interested persons seeking to attend one of Broward County's Public

---

[11] https://www.browardschools.com/cms/lib/FL01803656/Centricity/Domain/13479/5.1%20-%20Draft%202017%20Annual%20Report%20on%20Implementation%20of%20Second%20Amended%20ILA%20Provisions_.pdf

[12] http://browardschools.com/SiteMedia/Docs/PRGA/accountingprocedures2011.pdf

[13] https://www.browardschools.com/cms/lib/FL01803656/Centricity/Domain/13351/SMART%20Update_%20Published%20August%202018%20FINAL.pdf

[14] https://www.browardschools.com/cms/lib/FL01803656/Centricity/Domain/10451/private%20fl%20colleges%20guide%202015-16.pdf

[15] https://www.browardschools.com/cms/lib/FL01803656/Centricity/Domain/14502/SVS%20Brochure_2018-19_final.pdf

Schools. Interested persons can become informed about the effect of the Broward County Public School Board meetings and the resulting policies, budgets, and services online by viewing the electronic documents generated, which reflect the decisions made by Broward County Public School Board members through this Portal. Interested persons are able to view a plethora of documents related to the policies and procedures voted on by the Defendants School Board members (hereinafter referenced as "(electronic) agenda documents") through this Portal.

29.   In today's tech-savvy world, blind or visually-impaired persons have the ability to access websites using keyboards in conjunction with screen access software that vocalize the visual information found on the screen. Defendants School Board meeting agendas contain links to documents in electronic format that Plaintiff and other similarly situated individuals with vision disability are unable to fully and equally access.  Examples of a few links to documents in electronic document format from the April 24, 2018 Regular School Board Meeting Agenda are provided herein below:

- Regular School Board Meeting Agenda for April 24, 2018, item E-3, Recommendation of $500,000 or less for Library Materials http://www.broward.k12.fl.us/supply/agenda/58-039N_LibraryMaterials.pdf;
- Regular School Board Meeting Agenda for April 24, 2018, item EE-1, Recommendation of $500,000 or Greater for Pool Maintenance and Supplies http://www.broward.k12.fl.us/supply/agenda/18-145T_PoolMaintenanceAndSupplies.pdf;
- Regular School Board Meeting for April 24, 2018, item EE-3, Recommendation for Renewal and Additional Spending Authority - SOMAT Waste Disposal System Maintenance and OEM Repair Parts http://www.broward.k12.fl.us/supply/agenda/15-014B_SOMATWasteDisposal_MaintenanceRepair.pdf

30.   Through perusing the archived agenda documents, interested persons can ascertain what past policies and projects the School Board of Broward County have voted upon on important financial, administrative, and educational issues, which while voted upon in the past,

have a direct effect on current and future events in Broward County Public Schools.

31.   Defendant's electronic documents contain a plethora of information regarding matters which affect the public directly such as related student and parent activities, fundraising, and academic resources.

32.   Through Defendant's portal, interested persons can read Defendant's electronic documents on demand.

33.   However, blind and/or visually impaired persons require screen reader software to read/comprehend (Defendant's) electronic documents.

34.   Online "on-demand" viewing of the Defendant's electronic documents is not an option available to persons with vision disabilities due to the fact that those documents are provided solely in a *PDF flat surface* format and do not interface with screen reader software as used by blind and visually impaired individuals. Plaintiff (who is legally blind) is as such an interested person.

35.   As an active and social South Florida resident, Plaintiff is interested in the quality of education the Broward County Public School system has to offer, with particular interest in School Board meetings and the policies and procedures discussed and debated in those meetings. Plaintiff is also interested in educating himself with the activities within the academic school year provided on Defendants website (which are in electronic document format) of Broward County Public Schools, which would make attending one of Defendants adult educational institutes a viable option.

36.   Therefore, in April, 2018, Plaintiff visited Defendant's Website with the intent of educating himself about the quality of Broward County Public Schools educational system. This information is reflected in the current and historical legislative intent of the School Board

members. Plaintiff also wanted to find out more about programs, services and activities available to individuals who would like to attend one of the Defendant's public educational institutions.

37. Because Defendant's electronic service and policy documents are not in an accessible format for the blind and visually impaired, and are not provided in accessible HTML format, Plaintiff was prevented from reading the electronic documents in order to become informed of services offered to the public by Defendant (such as school boundary maps, district publications, student and adult programs, and calendars) because of his vision disability. As such, Plaintiff was left excluded from participating in the community services, programs and activities offered by Broward County Public Schools in a manner equal to that afforded to others who are not similarly disabled.

38. Therefore, on May 21, 2018 Plaintiff wrote a letter to Defendant and informed Defendant that he is legally blind and unable to fully access the electronic documents which Defendant provides to the public with his screen reader software. In that letter, Plaintiff requested Defendant's electronic documents be provided in an accessible format for blind and visually impaired individuals (such as himself). Plaintiff made this request via U.S. mail service.  Plaintiff's letter of request is attached hereto as Exhibit A.

39. As of the date of the filing of this Complaint, Defendant has not responded to Plaintiff's request for accommodation.

40. On June 30, 2018, Plaintiff again attempted to access Defendant's electronic documents, but those electronic documents remained inaccessible as he still could not comprehend them with his screen reader software. It is sufficiently obvious that Plaintiff and others who are blind or low sighted need Defendant to properly save its documents so that they

are accessible on demand.

41.  Because Defendant's electronic agenda documents are not in an accessible format, Plaintiff was prevented from becoming informed of the actions of the School Board members, learning about the direction of Broward County Public Schools on important social and educational issues, and from participating in the Defendant's meetings. This exclusion resulted in Plaintiff suffering from feelings of segregation, rejection, and isolation as Plaintiff has been unable to participate in the affairs of Broward County Public Schools.

42.  Plaintiff continues to desire to partake in the programs, services, and activities of Broward County Public Schools as a resident of the state of Florida, but Plaintiff continues to be harmed due to his inability to avail himself of the programs, services, and activities due to his failure to comprehend the electronic documents Defendant provides to the public.

43.  Furthermore, Defendant has not provided any other auxiliary aid or service which would assist Plaintiff and/or similarly situated blind or visually impaired constituents to meaningfully access and fully comprehend Defendant's electronic documents in the same manner as Defendant has made available to the non-disabled public.

44.  Because Defendant has not provided its electronic documents in an accessible format for the blind and visually impaired, Plaintiff has been prevented from becoming informed of Broward County Public School Boards' functioning, policies, programs, services and activities as offered to the public by Defendant because of his vision disability.  As such, Plaintiff was left excluded from participating in Broward County Public Schools the community services, programs and activities offered by Broward County Public Schools in a manner equal to that afforded to others who are not similarly disabled.

45.  Plaintiff's inability to access Defendant's electronic documents has resulted in a

*virtual barrier* which has impaired, obstructed, hindered, and impeded Plaintiff's ability to become an involved citizen in Broward County Public Schools affairs (through Defendant's agenda documents) and learn about the programs, services and activities available to students and parents of Broward County Public Schools (through Defendant's electronic service and policy documents).

46. On information and belief, since April, 2018 when Plaintiff first began to attempt to access and learn about Broward County Public Schools' programs, services, and activities, Defendant has not made reasonable modifications to its policies and procedures to ensure future compliance with the ADA and/or the Rehabilitation Act. As of this filing, the electronic documents made available by Defendant remain inaccessible to Plaintiff as well as to other blind and visually disabled individuals.

47. Plaintiff continues to desire to become involved in Broward County Public Schools' system by learning about the agenda items debated, discussed, and voted upon by the School Board members that affect him (as a potential student) and the Broward County Public Schools' community (past and current students/families). However, Plaintiff is unable to do so, as he is unable to comprehend the electronic agenda documents provided by Defendant for the public.

48. In the near future, Plaintiff has concrete plans to read and comprehend the plethora of electronic agenda documents supplied by Defendant. However, Plaintiff is precluded from participation in the activities of the Broward County Public Schools' system by learning about the agenda items debated, discussed, and voted upon by the Broward County Schools' Board that affect him and the effect of the administrative process on the Broward County Public Schools' community due to the unlawful barrier created by Defendant's refusal to make its electronic agenda documents accessible.

49.  Plaintiff (and others with vision impairments) will suffer continuous and ongoing harm from the Defendant's omissions, policies, and practices regarding its electronic documents unless enjoined by this Court.

50.  Defendant has engaged (and continues to engage) in unlawful practices in violation of Title II of the ADA (see 42 U.S.C. §12132) and Section 504.

51.  Defendant's unlawful practices include (but are not limited to) denying Plaintiff (an individual with a disability) the ability to participate in the Broward County Public Schools' community by failing to provide Plaintiff the ability to study and review Broward County Public Schools' electronic documents in the same manner as provided to the sighted public.

52.  Defendant is deliberately indifferent to the provisions of the Rehabilitation Act and Title II of the ADA in regard to the unlawful practices described herein because Defendant is aware of the availability of computer programs, which allow Defendant to save electronic documents in an accessible format. Despite the ease of providing accessible electronic documents, Defendant has failed to reasonably modify its policies, processes and procedures for the same.

53.  As a result of Defendant's actions, Plaintiff has been damaged and has suffered injuries and shame, humiliation, isolation, segregation, experienced emotional suffering, pain and anguish.

54.  For all of the foregoing, Plaintiff has no adequate remedy at law.

55.  Plaintiff has retained Scott Dinin P.A. and J. Courtney Cunningham PLLC as his legal counsel in this action, and has agreed to pay a reasonable attorney fee.

## COUNT I – VIOLATIONS OF TITLE II OF THE ADA

56.  The broad mandate of the ADA is to provide an equal opportunity for individuals

with disabilities to participate in and benefit from all aspects of American civic and economic life, and that mandate extends to public entities including Defendant, and the documents that Defendant provides to the public (including those documents provided in electronic document format).

57.  Title II of the ADA mandates that no qualified individual with a disability shall, by reason of such disability, be excluded from full and equal participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity, 42 U.S.C. § 12132.

58.  Defendant Broward County Public Schools is an instrumentality of the State of Florida and a public entity under Title II of the ADA. A public entity includes any instrumentality of a state or local government.  Therefore, Defendant is subject to Title II of the ADA.  42 U.S.C. §12131(1)(b).

59.  As a public entity, Defendant must:

a)      Provide full and equal enjoyment of its services, programs, and activities in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12131, *et. seq.*; 28 C.F.R. §35.130(a).

b)      Ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals unless the public entity can demonstrate that taking those steps to modify policies, practices, or procedures would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. §35.130(b)(7).

c)      Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals unless the public entity

14

can demonstrate that legitimate safety requirements are necessary for safe operation. Any safety requirements must be based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities; 28 C.F.R. §35.130(h).

60.   Defendant's document creation and storage on www.browardschools.com  is a program, service, or activity within the definition of Title II of the ADA. Defendant makes information available in thousands of pages of documents available through its information portal through which the public can access electronic documents.

61.   Defendant failed to provide its electronic documents in a format accessible to visually impaired individuals who require screen reader software to comprehend those electronic documents despite the sufficiently obvious need to do so. Therefore, Plaintiff has been effectively denied access to those electronic documents by Defendant.

62.   By denying Plaintiff the opportunity to comprehend and benefit from its electronic documents due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from the services, programs or activities afforded to non-disabled persons and persons who are not visually impaired.

63.   Providing electronic documents in a format that can be recognized by screen reader software, and therefore making those electronic documents accessible to the visually impaired would not result in any undue burden to Defendant.

64.   Providing electronic documents in a format that can be recognized by screen reader software thereby making those electronic documents accessible to the visually impaired would not fundamentally change the nature of Defendant's services, programs, or activities.

65.   Defendant is required to provide full and equal enjoyment of its services, programs, and activities in the most integrated setting appropriate to people with disabilities. 42 U.S.C.

§12131, *et. seq*.; 28 C.F.R. Part 35.

66.   As a result of the virtual barriers within the electronic documents provided by Defendant, visually impaired individuals are denied the full and equal access to the services, programs, and activities offered by Broward County Public Schools in a manner equal to that afforded to others; in derogation of Title II of the ADA and Section 504.

67.   As a public entity, Defendant may not (directly or through contractual or other arrangements) utilize methods of administration that deny individuals with disabilities access to its services, programs, and activities or that perpetuate the discrimination of another public entity; 28 C.F.R. § 35.130(b)(3).

68.   As a public entity and pursuant to Title II, Defendant is required to make reasonable modifications in its policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. § 35.130(b)(7).

69.   Defendant is required to present the electronic documents it provides to the public in an accessible format in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

70.   Defendant's failure to make its electronic documents accessible impedes Plaintiff (and similarly situated visually impaired individuals) from fully accessing the programs, services, and activities of Broward County Public Schools, as offered to interested persons so that they can participate in the business affairs of Broward County Public Schools (as afforded to the public), and enjoy the activities, services and programs provided by Broward County Public Schools. By such failure, Defendant has discriminated against the visually impaired.

71.   Defendant is blatantly discriminating by its failure to provide accessible electronic documents for blind and visually impaired citizens. Defendant has violated Title II of the ADA in numerous ways, including discriminatory action, which occurred when the Defendant failed to maintain policies and procedures to ensure compliance with Title II of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access Defendant's electronic documents provided within its Website. These violations are ongoing.

72.   As a result of Defendant's inadequate creation, development, and administration of Defendant's electronic documents, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. § 12133 to remedy the discrimination.

## COUNT II – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

73.   Plaintiff is legally blind, which substantially limits him in his major life activity of seeing. Therefore, Plaintiff is an otherwise qualified individual with a disability under Section 504 of the Rehabilitation Act.

74.   As an otherwise qualified individual, Plaintiff is expressly authorized under Section 505 of the Rehabilitation Act, which enforces Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794 & 794(a), incorporating the remedies, rights and procedures set forth in Section 717 of the Civil Rights Act of 1964, including the application of §§ 706(f) - (k), 42 U.S.C. §§ 2000e (5)(f) - (k).

75.   On information and belief, Defendant is a recipient of federal financial assistance.

76.   Congress enacted the Rehabilitation Act in 1973 to enforce the policy of the United States that all programs, projects, and activities receiving federal assistance ". . . be carried out in a manner consistent with the principles of . . . inclusion, integration, and full participation of

the individuals [with disabilities]." 29 U.S.C. § 701(c)(3).

77.   Section 504 of the Rehabilitation Act, prohibits recipients of federal funding from discriminating against disabled persons and requires that programs or activities operated by a federally-funded entity be readily accessible to persons with disabilities; see 28 C.F.R. § 42.520.

78.   Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 requires that no otherwise qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against.

79.   The Rehabilitation Act defines "program or activity" to mean all of the operations of a department, agency, special purpose district, or other instrumentality of a state or of a local government. As Defendant is a local educational agency, Defendant's creation, storage and providing electronic documents to the public through its Website is within the meaning of the Rehabilitation Act; 29 U.S.C. § 794(b)(1)(A).

80.   This denial of access to Defendant's services, programs and/or activities has subjected Plaintiff to discrimination, excluded Plaintiff from participation in those services, programs and/or activities and denied Plaintiff the benefits of Defendant's electronic documents.

81.   As   of   this   filing,   Defendant's   electronic   documents   within www.browardschools.com remain inaccessible to persons with screen readers who are blind and/or low sighted but are accessible to persons without vision disabilities.

82.   Specifically, as related to violations of Section 504, blind and visually impaired individuals need to comprehend and access the electronic documents which Defendant provides

to the public. Yet, Defendant's electronic documents are not saved in an accessible format which properly interfaces with screen reader software so that blind and visually impaired individuals are able to comprehend those documents.

83.   As a recipient of federal funds and pursuant to Section 504 the Defendant may not deny a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service; 45 CFR § 84.4 (b)(1)(i).

84.   As a recipient of Federal funds and pursuant to Section 504 the Defendant may not afford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded to others; 45 CFR § 84.4 (b)(1)(ii).

85.   As a recipient of federal funds and pursuant to Section 504 the Defendant may not provide a qualified handicapped person with an aid, benefit, or service that is not as effective as that provided to others; 45 CFR § 84.4 (b)(1)(iii).

86.   As a recipient of federal funds and pursuant to Section 504 the Defendant may not provide different or separate aid, benefits, or services to handicapped persons or to any class of handicapped persons unless such action is necessary to provide qualified handicapped persons with aid, benefits, or services that are as effective as those provided to others; 45 CFR § 84.4 (b)(1)(iv).

87.   Plaintiff has been denied the ability to comprehend electronic documents provided by Defendant, which would permit Plaintiff to access the programs, services and activities of Broward County Public Schools, as offered to residents and visitors. As a recipient of federal funds and pursuant to Section 504, Defendant may not otherwise limit a qualified handicapped person in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service; 45 CFR § 84.4 (b)(1)(vii).

88.     As a recipient of federal funds and pursuant to Section 504, Defendant may not (directly or through contractual or other arrangements) utilize criteria or methods of administration: (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap, (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the recipient's program or activity with respect to handicapped persons, or (iii) that perpetuate the discrimination of another recipient if both recipients are subject to common administrative control or are agencies of the same State; 45 CFR § 84.4 (b)(4).

89.     As a recipient of federal funds and pursuant to Section 504, Defendant is required to evaluate (with the assistance of interested persons including handicapped persons or organizations representing handicapped persons) its current policies and practices and the effects thereof, that do not or may not meet the requirements of this part; 45 CFR § 84.6 (c)(1)(i).

90.     As a recipient of federal funds, and pursuant to Section 504, Defendant is required to modify, after consultation with interested persons (including handicapped persons or organizations representing handicapped persons), any policies and practices that fail to meet the requirements of this part; 45 CFR § 84.6 (c)(1)(ii).

91.     As a recipient of federal funds and pursuant to Section 504, Defendant is required to take, after consultation with interested persons (including handicapped persons or organizations representing handicapped persons), appropriate remedial steps to eliminate the effects of any discrimination that resulted from adherence to these policies and practices; 45 CFR § 84.6 (c)(1)(iii).

92.     As a recipient of federal funds, and pursuant to Section 504, Defendant is required to designate at least one person to coordinate its efforts to adopt grievance procedures that

incorporate appropriate due process standards and that provide for the prompt and equitable resolution of complaints alleging any action prohibited by this part; 45 CFR § 84.7 (a) & (b).

93.    Defendant has discriminated against Plaintiff (and other individuals with visual impairments) in the unequal provision of the electronic documents on www.browardschools.com which Defendant provides to the public.  As a result, Plaintiff has experienced exclusion, segregation, mental anguish, and humiliation in violation of his civil rights.

94.    Defendant's policies, practices and procedures, particularly the actions and omissions described above have violated Plaintiff's rights under Section 504 by discriminating on the basis of a disability.

95.    As a public entity, Defendant knows or should know of the 2003 guidelines provided by the Department of Justice related to providing information to the public in accessible format.

96.    Defendant has failed to act on the likelihood of harm each time it has augmented or uploaded new documents on www.browardschools.com without addressing the accessibility of those electronic documents for blind and visually impaired individuals. Thus, Defendant has demonstrated deliberate indifference to Plaintiff's federally protected rights in failing to provide equal access to its services, programs and/or activities for blind and visually impaired individuals.

97.    Deliberate indifference plainly requires more than gross negligence *Loeffer v Staten Island Univ. Hosp.,* 582 F.3d 268, 275 (2nd Cir. 2009). Deliberate indifference is a deliberate choice *Bozeman v Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005).

98.    Defendant clearly has made a choice on a daily basis in failing to provide effective communication (vis-a-vie its electronic documents on www.browardschools.com).

Defendant's deliberate choice has demonstrated deliberate indifference (standard) thus showing intentional discrimination.

99. By Defendant's failure to make electronic documents on www.browardschools.com accessible or to otherwise respond to Plaintiff's request for accommodation in a meaningful manner (as request was sent via U.S. mail to Defendant on May 21, 2018) Defendant's actions further reflect Defendant's deliberate indifference to the rights of the Plaintiff based on Plaintiff's disability.

100. The ongoing and continuous act of failing to provide effective communication (related to the operation and maintenance of www.browardschools.com) goes beyond gross negligence. Thus, Defendant is in violation of Section 504 of the Rehabilitation Act. See: *Liese v. Indian River County Hosp. Dist.*, 701 F.3d 334, (11th Cir. 2012).

101. The standard for deliberate indifference as set in *Liese v Indian River County Hospital District*, No. 10-15968 (11th Cir. Nov 13, 2012); See: "[D]eliberate indifference defined in the context as occurring when "the defendant knew that harm to a federally protected right was substantially likely and failed to act on that likelihood," the *Liese* court, quoting from *T.W. ex.rel. Wilson v. Sch. Bd of Seminole Cnty., Fla.*, 610 F.3d at 604 (11th Cir.2010); accord *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir.2009); *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228–29 (10th Cir.2009); *Duvall v. Cnty. Of Kitsap*, 260 F.3d 1124, 1139 (9th Cir.2001); see Fig. 1



Fig. 1

102.    As a result of Defendant's actions, Plaintiff has been damaged and has suffered injuries and shame, humiliation, isolation, segregation, experienced emotional suffering, pain and anguish and has been segregated and prohibited from enjoying the programs, services and activities offered by Broward County Public Schools to residents and visitors (through the knowledge gained from its electronic documents and through participating in Broward County Public Schools)

103.    Plaintiff is entitled to damages pursuant to Section 504 because of Defendant's deliberate indifference to the inaccessibility of the electronic documents it provides to the public, despite Plaintiff's request for accommodation.

104.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Broward County Public Schools.

105.    For all of the foregoing, Plaintiff has no adequate remedy at law

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Juan Carlos Gil, hereby demands judgment against Defendant Broward County Public Schools including a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to

discrimination in violation of Title II of the ADA and Section 504 of the Rehabilitation Act, to

permanently enjoin Defendant Broward County Public Schools from any practice, policy and/or

procedure which will deny Plaintiff equal access to the services, programs and activities offered

by Defendant Broward County Public Schools to residents and visitors and in participating in the

local educational agency of Broward County Public Schools' Board, as well as:

a)    issue a declaratory judgment that Defendant has violated the Plaintiff's rights as

       guaranteed by Title II of the ADA and Section 504 of the Rehabilitation Act;

b)    The Court enter an Order requiring Defendant to update all electronic documents

       made available to the public to remove barriers in order that individuals with

       visual disabilities can access the electronic documents to the full extent required

       by Title II of the ADA and Section 504 of the Rehabilitation Act;

c)    enter an Order pursuant to 42 U.S.C. § 12188(a)(2) for permanent injunction

       which directs Defendant to take all steps necessary to bring the electronic

       documents which it provides on its electronic media into full compliance with the

       requirements set forth in the ADA, and its implementing regulations, so that all

       electronic documents are fully accessible to, and independently usable by, blind

       and low sighted individuals, and which further directs that the Court shall retain

       jurisdiction for a period to be determined to ensure that Defendant has adopted

       and is following an institutional policy that will in fact cause Defendant to remain

       fully in compliance with the law;

d)    Order Defendant to retain a qualified consultant acceptable to Plaintiff

       ("Mutually Agreed Upon Consultant") who shall assist it in improving the

       accessibility of its electronic documents, so they are accessible to individuals

with visual disabilities who require those electronic documents to be in accessible format or provided in HTML format;

e)     Order Defendant to engage a (mutually agreed upon) Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendant's electronic documents to be accessible to individuals with visual disabilities who require those documents to be in accessible format or provided in HTML format;

f)     award damages in an amount to be determined at trial;

g)     award Plaintiff reasonable litigation expenses and attorneys' fees; and

h)     award such other and further relief as it deems necessary, just and proper.

Dated this 5th day of September, 2018.

Respectfully submitted,

_s/Scott Dinin_
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
Email: inbox@dininlaw.com

_s/Juan Courtney Cunningham_
Juan Courtney Cunningham, Esq.
J. Courtney Cunningham PLLC
8950 SW 74th Court, Suite 201
Miami, Florida 33156
Tel: (305) 351-2014
Email: cc@cunninghampllc.com
_Counsel for Plaintiff_

25